USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/20/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re OPTIONABLE SECURITIES LITIGATION

This Paper Applies to:            All Cases                    07 Civ. 3753 (LAK)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

    These are consolidated class actions alleging, generally, securities violations in connection with trading in the securities of Optionable, Inc. Now before the Court are competing motions for appointment of a lead plaintiff or plaintiffs and for approval of lead plaintiff's choice of counsel.

    Under the Private Securities Litigation Reform Act ("PSLRA"), the Court is obliged to appoint as Lead Plaintiff the movant it determines to be the most capable of representing the interests of the class members. 15 U.S.C. §§ 78u-4(a)(3)(B)(I), 77z-1(a)(3)(B)(I). In making that determination, the moving plaintiff with the largest financial interest in the relief sought by the class is entitled to a presumption in its favor.

    In this case, KLD Investment Management, Inc. ("KLD") claims a loss of over $3.7 million, which is more than three times greater than the loss claimed by any other movant. It therefore is entitled to the presumption unless those opposing its appointment in some material way have undermined that claim.

    The principal argument against KLD is that KLD is a money manager that never owned any shares. While it appears to be the case that KLD is a money manager, its papers represent

2

that it had sole discretion to invest on behalf of its clients, that it purchased all of the shares that gave rise to the claimed loss for individual clients, and that the shares then were allocated to the individual client accounts. Moreover, it maintains that it "has the sole discretion and attorney-in-fact authority to make investments and related investment decisions for its clients and to bring litigation on their behalf to recover for investment losses." KLD Certification ¶ 7.

KLD's allegations, if accurate, would be sufficient to establish that it acted as a single person and thus that the aggregation of the purchases ultimately allocated among its advisees would be appropriate. *See Smith v. Suprema Specialties, Inc.*, 206 F. Supp.2d 627, 634 (D. N.J. 2002) (citing cases). Reliance on its certification, however, might have been inadequate. *Weisz v. Calpine Corp.*, 2002 WL 32818827, at *6 (N.D. Cal. Aug. 19, 2002). Accordingly, the Court directed KLD to submit evidence establishing that (a) it had unconstrained investment discretion over the accounts to which the Optionable shares were allocated at the time the shares were purchased and allocated, and (b) it is the attorney-in-fact of each account owner for the purpose of bringing and maintaining this action. It has done so. Accordingly, it is entitled to the presumption that it is the most capable of representing the interests of the putative class members. None of the competing candidates has rebutted this presumption.

The Court is satisfied also that KLD satisfies the requirements of Rule 23. The PSLRA inquiry in this regard focuses principally on the typicality and adequacy requirements. *See, e.g., Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Labranche & Co.*, 229 F.R.D. 395, 411 (S.D.N.Y. 2004).

"Typicality exists if claims 'arise from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id.* at 412. The

3

suggestion that KLD's decisions were influenced by inside information is conclusory and unsubstantiated. Hence, its claims appear to be typical of those of the class in general.

In order to satisfy the adequacy requirement, "(1) there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants; and (2) the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation." *Id.* There is no conflict here, and KLD's counsel appear to be able to handle this case appropriately.

Accordingly, the motion of KLD Investment Management, LLC to serve as Lead Plaintiff and to approve its choice of counsel [docket item 38] is granted. The competing motions by others [docket items 23, 26, 32, 35 and 41] all are denied.

SO ORDERED.

Dated:   November 20, 2007

_____
Lewis A. Kaplan
United States District Judge